IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-0030-01, 02 (BAH) |
| | ) | |
| FLORENCE BIKUNDI, | ) | |
| also known as "FLORENCE NGWE" | ) | |
| and "FLORENCE IGWACHO;" and | ) | |
| | ) | |
| MICHAEL D. BIKUNDI, SR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT FLORENCE BIKUNDI'S MOTION
TO DISMISS THE INDICTMENT AND/OR PRETRIAL RELEASE FOR VIOLATION
OF HER STATUTORY AND CONSTITUTIONAL RIGHTS TO SPEEDY TRIAL

The United States of America, by and through its attorney, the Acting United States

Attorney for the District of Columbia, hereby files this Opposition to Defense Motion to Dismiss

Indictment and/or Pretrial Release for Violations of Statutory and Constitutional Rights to

Speedy Trial.  *See* ECF No. 211 ("Def.'s Mot.").  That motion has been joined by Defendant

Michael D. Bikundi, Sr.  *See* ECF Nos. 210 & 223.  In support of this opposition, the

government states as follows:

**PROCEDURAL HISTORY**

Defendant Florence Bikundi was indicted on February 19, 2014, for one count of health

care fraud, in violation of 18 U.S.C. § 1347 (2013); one count of Medicaid fraud, in violation of

42 U.S.C. § 1320a-7b(a)(3) (2013); four counts of laundering financial instruments, in violation

of 18 U.S.C. § 1956(a)(1)(B)(i) (2013); and three counts of engaging in monetary transactions

with monies derived from specified unlawful activities of health care and Medicaid fraud, in

violation of 18 U.S.C. § 1957 (2013).  *See* ECF No. 1.  Following her arrest on February 21,

2014, the defendant was temporarily detained by a Magistrate Judge.  Minute Entry, Feb. 21, 2014.  The government thereafter filed a "Motion for Pretrial Detention" of the defendant, based on the fact that the defendant posed a serious flight risk.  ECF No. 8.  The defendant did not oppose the government's motion and was subsequently ordered to be held without bond pending trial by the Magistrate Judge.  Minute Entry, Feb. 25, 2014.

On May 28, 2014, the defendant filed a motion for reconsideration of the Magistrate Judge's order.  ECF No. 18.  After a hearing on the motion on June 16, 2014, this Court orally denied the defendant's motion without prejudice and issued a memorandum opinion setting forth its reasoning.  *See United States v. (Florence) Bikundi*, 47 F. Supp. 3d 131 (D.D.C. 2014) ("*Bikundi I*").  On October 28, 2014, the defendant filed a renewed motion for reconsideration of the detention order.  ECF No. 31.  A status conference was held on October 31, 2014, during which the government was granted additional time in which to file any additional evidence in support of its detention request.  Minute Entry, Oct. 31, 2014.   The Court subsequently heard further argument on the defendant's motion at a hearing held on November 6, 2014.  Thereafter, the Court denied defendant's motion.  *See United States v. (Florence) Bikundi,* ___ F. Supp. 3d ___, 2014 WL 5841381 (D.D.C. Nov. 12, 2014) ("*Bikundi II*"), *aff'd*, No. 15-3013, (D.C. Cir. Mar. 25, 2015).

On December 18, 2014, a grand jury returned a Superseding Indictment charging Defendants Florence Bikundi, her husband, Michael D. Bikundi, Sr., Christian S. Asongcha, Melissa A. Williams, Elvis N. Atabe, Irene M. Igwacho, Carlson M. Igwacho, Berenice W. Igwacho and Atawan Mundu John with multiple offenses for their role in a $75 million scheme to defraud the District of Columbia Medicaid Program ("D.C. Medicaid") and to launder the proceeds of the fraud.  ECF No. 44.  On December 19, 2014, Michael D. Bikundi, Sr., Melissa

A. Williams, Elvis N. Atabe, Irene M. Igwacho, Carlson M. Igwacho, and Berenice W. Igwacho were arrested and had their initial appearance before Magistrate Judge John Facciola.  During the presentment on December 19, 2014, the government made an oral motion to temporarily detain Michael D. Bikundi, Sr. and Melissa A. Williams.  Magistrate Judge Facciola granted the motion.

On December 23, 2014, defendants Florence Bikundi, Michael D. Bikundi, Sr., Melissa A. Williams, Elvis N. Atabe, Irene M. Igwacho, Carlson M. Igwacho, and Berenice W. Igwacho were arraigned on the Superseding Indictment.  On that date, the government made an oral motion to disqualify counsel for Michael D. Bikundi, Sr.  *See* Minute Entry, Dec. 23, 2014.[1]  The government also made an oral motion requesting that the Court continue to designate the case as complex.  The motion was heard and granted without objection.  Both defendants Florence and Michael D. Bikundi Sr., who were detained, made oral motions for release.  Time under the Speedy Trial Act was excluded until February 6, 2015.  *Id.*  The court reserved its decision on the motion to reconsider detention and scheduled a detention hearing for January 16, 2015.

On January 6, 2015, defendant Florence Bikundi filed her "Third Motion for Reconsideration of Pretrial Detention."  ECF No. 66.  The government opposed this motion, and a detention hearing was held on January 16, 2015, at which time the Court denied defendant Florence Bikundi's motion and granted Michael D. Bikundi Sr.,'s motion for release.  Minute Entry, Jan. 16, 2015.  Thereafter, on January 30, 2015, defendant Florence Bikundi filed a notice of appeal from the denial of her third motion for pretrial release.  ECF No. 96.  The parties filed a consent motion on March 17, 2015, seeking an October trial date.  ECF No. 111.  Thereafter, the Court of Appeals affirmed this Court's order denying the defendant's motion for pretrial

---

[1] The government initially moved to disqualify Ms. Woods at a sidebar conference before U.S. Magistrate Judge Facciola on the morning of December 19, 2014.  On January 16 and January 22, 2015, the Court held hearings on the disqualification motion.  The Court granted the government's motion on February 10, 2015.

release on March 25, 2015, and issued its Mandate on May 22, 2015.  ECF Nos. 115, 140.

On June 11, 2015, defendant Michael D. Bikundi filed his "First Motion to Sever His Case from Florence Bikundi Based Upon Disparity of Evidence."  (ECF No. 155).  On July 1, 2015, defendant Florence Bikundi filed a Motion for Release of Brady Materials (ECF No. 201), a Motion to Compel Discovery (ECF No. 203), a Motion to Permit Defendant to Join Defendant Michael Bikundi's Motion in Limine to Exclude Evidence at Trial (ECF No. 204), a Motion to Join and Adopt Motion to Sever Counts in the Indictment (ECF No. 212), a Motion to Strike Surplusage from the Indictment (ECF No. 209), a Motion for Additional Time to File Motions (ECF No. 214), and the instant Motion to Dismiss the Indictment for Violation of Statutory and Constitutional Rights to Speedy Trial (ECF No. 211).  Both the government and Michael Bikundi Sr. similarly filed additional motions on that date.  At a hearing on July 13, 2015, the Court orally denied Defendant Florence Bikundi's Motion to Compel Discovery (ECF No. 203) and granted her Motion to Join in motions filed by Michael D. Bikundi (ECF Nos. 204, 212). The Court also granted Michael D. Bikundi's Motion in Limine to Exclude Evidence at Trial (ECF No. 160), as moot, and his Motion to Join and Adopt Motions of the Co-Defendant (ECF No. 210).  Minute Entry, July 13, 2015.  Defendant Florence Bikundi's counsel withdrew the motion for additional time to file motions (ECF No. 214).  The Court currently has a motions hearing scheduled for July 31, 2015.  Trial is scheduled to begin on October 13, 2015.

## **ARGUMENT**

Defendant Florence Bikundi has filed a Motion to Dismiss the Indictment and/or Pretrial Release for Violation of Her Statutory and Constitutional Rights to Speedy Trial (ECF No. 211). Defendant Michael D. Bikundi, Sr. joined the motion.  (ECF Nos. 210, 223).  In this pleading, the defendant contends that she has been denied a speedy trial, as guaranteed by the Speedy Trial

Act.   She further contends that her Sixth Amendment Rights to a Speedy Trial have been violated.   Finally, she seeks, yet again, to revisit this Court's order of detention, claiming that her due process rights have been violated.   For the reasons set forth below, the defendant's arguments lack merit and should be summarily denied by the Court.

## I.    THERE HAS BEEN NO VIOLATION OF THE SPEEDY TRIAL ACT.

The Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161, *et seq.*, generally requires that a criminal trial begin within seventy days of the later of a defendant's indictment or appearance. 18 U.S.C. § 3161(c)(1).   The defendant begins her STA calculation on February 19, 2014, the date of the Indictment.   Def.'s Mot. at 3.   Her calculation fails to take into account the filing of the Superseding Indictment and neglects to exclude delay resulting from her interlocutory appeal and pretrial motions filed by her and her co-defendants.   The seventy-day clock has, in fact, only run for ten days.

### The Superseding Indictment

The STA excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."   18 U.S.C. § 3161(h)(6).   "The Supreme Court has interpreted this section to mean that the clock does not, in effect, begin to run until the date of the most recent defendant's initial appearance before the court."   *United States v. Casas*, 425 F.3d 23, 31 (1st Cir. 2005) (citing *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986)).   "Accordingly, upon the addition of a new co-defendant, all defendants' speedy trial clocks are reset to day zero."   *United States v. Van Smith*, 530 F.3d 967, 970 (D.C. Cir. 2008).

Michael D. Bikundi, Sr., Melissa A. Williams, Elvis N. Atabe, Irene M. Igwacho, Carlson M. Igwacho, and Berenice W. Igwacho had their initial appearance before Magistrate

Judge John Facciola on December 19, 2014.[2]  The day of a triggering event under the STA, such as a defendant's appearance, is excluded from the seventy-day calculation.[3]  *See Gov't of Virgin Islands v. Duberry*, 923 F.2d 317, 320 n.8 (3d Cir. 1991); *see also* Fed. R. Crim. P. 45(a)(1)(A) ("exclud[ing] the day of the event that triggers the period" when statute "does not specify a method of computing time").  As of December 19, 2014, the defendant's speedy trial clock was reset to day zero.[4]

### Motion to Disqualify Counsel for Michael Bikundi, Sr.

The STA excludes certain periods of delay in computing the seventy-day time period, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).  Written and oral motions "trigger[]" exclusion  under section 3161(h)(1)(D).  *United States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007).  Section 3161(h)(1)(D) applies to any type of pretrial motion.  *See United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008) (interpreting 'any pretrial motion' "to mean what it says: *any* motion will toll the clock.").

---

[2] Defendants Atawan Mundu John and Christian S. Asongcha are fugitives.

[3] Section 3161(h)(1) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1).  "[B]ecause an initial appearance is a proceeding concerning the defendant," the day of the initial hearing is also excluded under section 3161(h)(1).  *United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002) (internal quotations and brackets omitted).

[4] In her Memorandum, the defendant erroneously alleges that the government "intentionally delay[ed]" filing a superseding indictment.  Def.'s Mot. at 8.  The Superseding Indictment contains twenty-seven counts, and includes nine defendants and additional charges against Florence Bikundi.  It alleges that Global Healthcare was a corrupt business and that the indicted defendants, all of whom were Global Healthcare employees, engaged in a massive scheme to defraud Medicaid.  It also charges that the defendant and Michael Bikundi, Sr. laundered millions of dollars in illegal proceeds through multiple domestic and foreign bank accounts, shell companies, life insurance policies, and IRA accounts and used the proceeds to fund their opulent lifestyle, which included a fleet of luxury cars and a home worth close to $1 million.  The grand jury investigation that resulted in the Superseding Indictment was extensive and required a significant expenditure of time and resources from Assistant United States Attorneys, paralegals, law enforcement agents, and financial analysts.  The defendant contends that Michael Bikundi, Sr. could have been indicted based on the fact that he "is an equal shareholder in the business and was holding a managerial position."  *Id.*  An individual's position at a corporation does not establish probable cause, let alone proof beyond a reasonable doubt, that he committed a crime.  Michael Bikundi, Sr.'s role at Global Healthcare is no more a sufficient basis for a grand jury to indict him than the fact that the other indicted defendants were Global Healthcare employees.

The period of exclusion for a pretrial motion begins on the day that the motion is filed. *See United States v. Fonseca*, 435 F.3d 369, 372 (D.C. Cir. 2006). "[T]he particular date on which the hearing is held is also part of the exclusionary period." *United States v. Harris*, 491 F.3d 440, 443 n.1 (D.C. Cir. 2007). In cases where a court does not rule on the motion at a hearing, section 3161(h)(1)(H) provides that a maximum of thirty days can be excluded while the motion is "under advisement." 18 U.S.C. § 3161(h)(1)(H); *see also United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994) ("Once the hearing has been held . . . the statute also calls for the exclusion of a period 'not to exceed thirty days' during which the court actually holds the motion under advisement."). "If the court does not hold a hearing on the motion, the Act excludes the period of time between the filing of the motion and the day the court receives all the submissions it reasonably expects in relation to the motion. . . . After the court receives the necessary papers, the motion is considered 'under advisement by the court,' and up to 30 additional days may be excluded while the court considers the matter." *United States v. Rice*, 746 F.3d 1074, 1080 (D.C. Cir. 2014) (citations omitted).

In multiple defendant cases such as the current one, "an exclusion applicable to one defendant applies to all codefendants." *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980). Consequently "[d]elays resulting from" motions related to co-defendants "are excludable time as to each co-defendant." *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir. 1997); *see also United States v. Van Brandy*, 726 F.2d 548, 551 (9th Cir. 1984) (attributing delay from a defendant's motion "equally" to all co-defendants).

On December 19, 2014, the government made an oral motion at a sidebar conference to U.S. Magistrate Judge Facciola to disqualify Sheryl Wood as counsel for Michael D. Bikundi, Sr. On December 23, 2014, the government renewed its motion at Michael D. Bikundi, Sr.'s

arraignment.    On January 16 and January 22, 2015, the Court held hearings on the disqualification motion.  On February 10, 2015, the Court granted the government's motion.  The time period between December 19, 2014, and February 10, 2015, is excludable under sections 3161(h)(1)(D) and (H) based on the government's motion to disqualify Sheryl Wood.

<u>**The Defendant's Interlocutory Appeal**</u>

"[D]elay resulting from any interlocutory appeal" is excludable.    18 U.S.C. § 3161(h)(1)(C).  The time between the notice of the filing of the appeal and the mandate issued by the appeals court is excluded under section 3161(h)(1)(C).  *See United States v. Pete*, 525 F.3d 844, 849 (9th Cir. 2008); *see also United States v. Pelfrey*, 822 F.2d 628, 635 (6th Cir. 1987) ("there is an *automatic* exclusion for any delay resulting from an interlocutory appeal.") (emphasis in original).

On January 30, 2015, the defendant filed an interlocutory appeal of the Court's denial of her third motion for reconsideration of her pretrial release.  Notice of Appeal – Interlocutory, ECF No. 96.  On May 22, 2015, the D.C. Circuit issued its mandate affirming the Court's denial.  The time period between January 30, 2015, and May 22, 2015 is excludable under section 3161(h)(1)(C).

<u>**Michael Bikundi, Sr.'s Motion for Modification of Release Conditions**</u>

On June 2, 2015, Michael Bikundi, Sr. filed a motion to modify release conditions.  Consent Mot. Modify Conditions of Release, ECF No. 147.  On June 3, 2015, the Court issued a Minute Order granting the motion.  June 2 and June 3, 2015, are excludable days under section 3161(h)(1)(D).  *See United States v. Wilson*, 835 F.2d 1440, 1443 (D.C. Cir. 1987) (excluding time for motion to modify pretrial release conditions), *abrogated on other grounds by, Bloate v. United States*, 559 U.S. 196 (2010).

**Michael Bikundi, Sr.'s Motion for Release of Funds**

On June 3, 2015, Michael Bikundi, Sr. filed a motion to partially vacate the seizure warrant.  Mot. to Partially Vacate Seizure Warr., ECF No. 149.  The defendant requested a hearing on the motion.  On June 22, 2015, the government filed its opposition to the motion.  Gov't Opp. to Def.'s Mot. to Partially Vacate Seizure Warr., ECF No. 194.  On June 23, 2015, Michael Bikundi, Sr. filed a reply to the government's opposition.  Reply to Gov't Opp. to Def.'s Mot. to Partially Vacate Seizure Warr., ECF No. 195.  The Court has scheduled a hearing on July 31, 2015, for pretrial motions.  Therefore, the time period between June 3, 2015 and July 31, 2015 will be excludable under section 3161(h)(1)(D).[5]

However, "the defendant's motion to dismiss" for violation of the STA "stops the statutory clock."  *United States v. Sherer*, 770 F.3d 407, 411 (6th Cir. 2014).  The defendant filed her motion on July 1, 2015.  For purposes of the defendant's speedy trial clock, the time period excludable due to Michael Bikundi, Sr.'s motion to partially vacate the seizure warrant is June 3, 2015, the date he filed the motion, to July 1, 2015.

**The Speedy Trial Clock**

As discussed above, the time period between December 19, 2014, the day that the defendant's speedy trial clock was reset to zero, and May 22, 2015, is excludable due to the motion to disqualify Ms. Wood and the defendant's interlocutory appeal.[6]  The ten-day period

---

[5] If the Court does not a hold a hearing on the motion, then the Court will be deemed to have taken the motion "under advisement" on June 23, 2015, when Michael Bikundi, Sr. filed his reply to the government's opposition.  "[U]p to 30 additional days may be excluded while the court considers the matter" under section 3161(h)(1).  18 U.S.C. § 3161(h).

[6] There are a number of discrete time periods between December 19, 2014 and May 22, 2015 that are independently excludable.  These time periods are described below:

a. On December 19, 2014, the government moved to detain Michael Bikundi, Sr.  Judge Facciola held the detention hearing on December 23, 2014, and ordered that the defendant be detained.  The period of time from December 19, 2014, to December 23, 2014, is excludable under section 3161(h)(1)(D).  *See United States v. Berk*, 614 F.Supp.2d

from May 23, 2015 to June 1, 2015 is not excludable. The period from June 2, 2015 to July 1, 2015, the date of the defendant's motion to dismiss for a STA violation, is excludable due to Michael D. Bikundi, Sr.'s motions to modify release conditions and partially vacate the seizure warrant. The defendant has failed to establish 70 non-excludable days from her initial appearance. There has been no violation of the STA.

---

86, 89 (D. Maine 2009) (excluding period of time from detention motion to detention order following hearing);

b.  On December 23, 2014, the defendant and Michael Bikundi, Sr. made oral motions for their release. On January 16, 2015, the Court denied the defendant's motion and granted Michael Bikundi, Sr.'s motion. The time period from December 23, 2014 to January 16, 2015 is excludable under section 3161(h)(1)(D);

c.  On December 23, 2014, the government requested that the Court continue to designate this case as complex. The Court found that the complexity of the case justified excluding the time period from December 23, 2014 to February 6, 2015 under section 18 U.S.C. § 3161(h)(7)(A), (B)(ii);

d.  The Court held a status conference on February 6, 2015. A status conference is "automatically excluded from STA consideration under 18 U.S.C. § 3161(h)(1)." *United States v. Lucky*, 569 F.3d 101, 107 (2d Cir. 2009);

e.  On February 17, 2015, Irene Igwacho made an oral motion to modify release conditions. The Court granted the motion on February 20, 2015. The time period from February 17, 2014 to February 20, 2015 is excludable under section 3161(h)(1)(D);

f.  On March 13, 2015, the Court held a status conference. March 13, 2015 is an excludable day under section 3161(h)(1);

g.  On March 17, 2015, Michael D. Bikundi, Sr. made an oral motion to modify his release conditions. On March 19, 2015, the Court granted the motion in part and denied the motion in part. The time period from March 17, 2015 to March 19, 2015 is excludable under section 3161(h)(1)(D);

h.  On April 1, 2015, Michael D. Bikundi, Sr. filed a motion to modify his release conditions. The Court granted the motion on April 2, 2015. The time period from April 1, 2015 to April 2, 2015 is excludable under section 3161(h)(1)(D);

i.  On April 27, 2015, Irene Igwacho filed a motion to modify release conditions. The Court granted the motion on that same day. April 27, 2015 is an excludable day under section 3161(h)(1)(D);

j.  On April 29, 2015, Melissa Williams filed a motion to modify release conditions. The Court granted the motion on April 30, 2015. The time period from April 29, 2015 to April 30, 2015 is excludable under section 3161(h)(1)(D);

k.  On May 7, 2015, Irene Igwacho filed a motion to modify release conditions. The Court granted the motion on that same day. May 7, 2015 is an excludable day under section 3161(h)(1)(D); and

l.  On May 22, 2015, the Court held a status conference. May 22, 2015 is an excludable day under section 3161(h)(1).

II.    **IF THE COURT FINDS THERE HAS BEEN A VIOLATION OF THE STA, THE PROPER REMEDY IS DISMISSAL OF THE INDICTMENT WITHOUT PREJUDICE.**

The sanction for a STA violation is dismissal of the indictment.  18 U.S.C. § 3162(a)(2). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*  In this case, these factors warrant dismissal of the Superseding Indictment without prejudice, in the event the Court finds a violation of the STA.

<u>**The seriousness of the offense**</u>

The Court has already recognized that seriousness of the offenses initially charged in the Indictment and the additional offenses in the Superseding Indictment.  *See, e.g.,* Mem. Op., ECF No. 24 at 4 ("[T]he Indictment alleges that the defendant engaged in a massive fraud in which she and organizations she operated obtained over $75,000,000 in funds from the Medicaid program.  These are serious felony offenses and, if convicted, the defendant faces a substantial period of incarceration."); ECF No. 91 at 3 ("[T]he Superseding Indictment alleges that the nine defendants engaged in a complicated, long-term scheme to defraud the Medicaid program of approximately $75 million dollars through falsified time records and reimbursement requests for home health care workers.").  In short, the Superseding Indictment accuses the defendant of fraudulently creating Global Healthcare through concealment of her exclusion from Medicaid and false representations on its provider agreement.  She then operated, managed, administered, and presided over Global Healthcare as a corrupt enterprise and unlawfully obtained over $75 million in Medicaid funds.  She laundered the funds through scores of financial institution

accounts and used the funds to lead a lavish and ostentatious lifestyle.  The Court has calculated her advisory sentencing Guidelines range on the money laundering counts as 168 to 210 months' incarceration assuming she is a Criminal History Category I.  *Id.*, ECF No. 34 at 4-5.  The defendant's crimes are extremely serious.  *See United States v. Smith*, 705 F.3d 1268, 1273 (10th Cir. 2013) (finding that district court "correctly concluded" that charged fraud and money laundering offenses "involving large sums of money . . . weighed in favor of dismissal without prejudice.").

### The facts and circumstances leading to dismissal

"In evaluating the . . . facts and circumstances leading to the dismissal, the court should focus on the culpability of the delay-producing conduct."  *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993) (internal quotations and citation omitted).  Delay caused by the government's "truly neglectful attitude," "bad faith," or "pattern of neglect," can be "factored against" the government.  *United States v. Taylor*, 487 U.S. 326, 338-39 (1988).

As previously discussed, the government did not intentionally delay bringing the Superseding Indictment nor in any way act in bad faith.  The Superseding Indictment charges the defendant and eight co-defendants with participating in rampant health care fraud.  Four of the seven defendants arraigned on the Superseding Indictment have pleaded guilty, and a fifth defendant has signed a plea agreement.

The defendant is more responsible for the delay than the government.  According to the defendant's calculation, the speedy trial clock expired on July 22, 2014.  *See* Def.'s Mot. at 7.  Yet, the defendant waited until July 1, 2015, almost a year later, to file her motion to dismiss for an STA violation.

The defendant requested continuances before filing her Speedy Trial motion.  On July 21,

12

2014, the defendant moved to continue the status conference.  Joint Mot. Cont., ECF No. 27.  In the motion, the defendant agreed "to an extension of the stay under the Speedy Trial Act."  The Court continued the status conference to September 5, 2014.  On October 6, 2014, the defendant one again requested another continuance of a status conference and agreed "to an extension of the stay under the Speedy Trial Act."  *Id.*, ECF No. 30.  The Court continued the status conference to October 31, 2014.  Furthermore, on March 17, 2015, the defendant filed a motion to set the trial date for October 13, 2015.  Consent Mot. Trial Date, ECF No. 111.   Because the defendant permitted the speedy trial clock to run for close to one year "without asserting h[er] rights under the Act, [she] has less of a claim to a dismissal with prejudice than a defendant who makes a timely assertion, but is unheeded."  *United States v. Jones*, 213 F.3d 1253, 1257 (10th Cir. 2000).

### The impact of reprosecution on the STA and the administration of justice

"Whether a dismissal without prejudice will have an adverse impact on the administration of the Act or on the administration of justice depends, in large part, on the seriousness of the defendant's alleged crime and on the reasons for the delay."  *United States v. Wright*, 6 F.3d 811, 816 (D.C. Cir. 1993).  The government did not intentionally delay the proceedings nor display a "lackadaisical attitude" towards compliance with the STA.  *Id.*  On the following dates, the government requested, and the Court granted, an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A):  March 7, 2014, April 24, 2014, June 16, 2014, September 5, 2014, and December 23, 2014.  Moreover, the defendant filed two joint motions to continue in which she agreed "to an extension of the stay under the Speedy Trial Act."

As part of the government's investigation of Global Healthcare, six of its employees have pleaded guilty (Melissa Williams, Carlson Igwacho, Irene Igwacho, Elvis Atabe, James Mbide,

and Nicola White) and a seventh, Berenice Igwacho, has signed a plea agreement.   The defendant was a mastermind of multiple health care fraud schemes and reaped immense financial reward.   It would be an affront to the administration of justice if the government could not re-indict her, and the employees that she controlled, managed, and used to commit the fraud were the only individuals prosecuted other than Michael Bikundi, Sr.

## III.   THERE HAS BEEN NO VIOLATION OF THE DEFENDANT'S SIXTH AMENDMENT RIGHTS.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. *United States v. Tchibassa*, 452 F.3d 918, 922 (D.C. Cir. 2006).   In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-factor test for determining whether a defendant has been deprived of his or her Sixth Amendment right to a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 530.   In applying those factors, the Circuit Court has emphasized that none of the factors "is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial; rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Lopesierra-Gutierrez*, 708 F.3d 193, 203 (D.C. Cir. 2013) (quoting *Tchibassa*, 452 F.3d at 923).   Under the four-part test promulgated in *Barker*, 407 U.S. at 514, the defendants' claim that their Sixth Amendment right to a speedy trial has been violated fails.

As to the first factor, defendant Florence Bikundi was arrested on February 21, 2014, and the government returned a Superseding Indictment on December 19, 2014.   She was arraigned on the Superseding Indictment on December 23, 2014.   The trial is scheduled to begin on October 13, 2015.   Although the total delay between her initial arrest and the trial date exceeds one year, and thus is "presumptively prejudicial," see *Doggett v. United States*, 505 U.S. 647, 651-52 &

n.1 (1992), the delay in this case "was considerably shorter than delays tolerated in prior cases." *Lopesierra-Gutierrez*, 708 F.3d at 203 (citing *Tchibassa*, 452 F.3d at 927) (no constitutional violation despite 11-year delay). Indeed, in *Lopesierra-Gutierrez*, which involved a delay of "three-and-a-half years," the Circuit Court found no constitutional violation. *Id*. Defendant Florence Bikundi's delay of approximately sixteen months is shorter than the delay in *Lopesierra-Gutierrez*, a delay the Circuit Court found to be permissible. Id.

Furthermore, the second *Barker* factor weighs against defendant's claim because there were valid reasons for the delay. Here, as in *Lopesierra-Gutierrez*, 708 F.3d at 203, the government attorneys, the Court and numerous defense attorneys had to untangle a complicated and far-reaching health care fraud conspiracy, and money laundering conspiracy, fairly treat all nine co-defendants ... all serious obstacles to a quick resolution. Indeed, when "the Supreme Court observed that 'the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge,' it could have been referring to this very case." *Lopesierra-Gutierrez*, 708 F.3d at 203 (quoting *Barker*, 407 U.S. at 531). *See also United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) (finding a twenty-two month delay "particularly understandable given the presence of multiple defendants, the large number of allegations and the complexity of the racketeering case"). In addition, here, as in *Lopesierra-Gutierrez*, the defendant "contributed to the delay by filing pretrial motions . . . [and] seeking a continuance." *Id*. at 203. In many of her motions, contrary to her assertion that she did not engage in any frivolous pretrial motions because she knew that the government's case against her was very weak, the defendant kept filing motions to try re-litigate the same issues concerning her detention over and over again.

Defendant Florence Bikundi attributes the alleged Sixth Amendment speedy trial violations to "government delay tactics" and the "action by the government to intentionally delay obtaining a timely superseding indictment." Def.'s Mot. at 8. Defendant's assertions are baseless and unsupported by the record. The government did not intentionally delay the defendant's case. On the contrary, the government exceeded its discovery obligations by agreeing to the defense request for production and scanning of all documents that were seized during the execution of the search warrants at defendants' business locations and residence. The government also identified key documents to the defendant that demonstrated the strength of the case against the defendant as the government developed its case against the defendant and other Global employees. In fact, the government and the defendant continued to engage in plea negotiations until October 31, 2014, when the government's final plea offer was rejected.

Throughout the investigation leading up to the Superseding Indictment, the government kept defendant apprised of its key findings in the seized documents concerning false Medicaid claims, and the discovery of key fraudulent documents that contained white-outs and cut-outs of doctors' signatures. The government also described its findings concerning possible bank fraud and wire fraud charges. This was all done in an effort to encourage a disposition short of what is expected to be a long, time-consuming trial.

The third factor – defendant's assertion of her speedy-trial rights - also weighs against defendant. Although on July 1, 2015, defendant moved to dismiss the indictment on speedy trial grounds, she waited over a year following her February 21, 2014 arraignment to do so. She also engaged in conduct inconsistent with a desire for a speedy trial, such as filing pretrial motions, and agreeing to the ends-of-justice continuance. *See Lopesierra-Gutierrez*, 708 F.3d at 203 (observing that the defendant contributed to delay by filing pretrial motions and seeking

16

continuances); *United States v. Taylor*, 196 F.3d 854, 862 (7th Cir. 1999) (demand for a speedy trial was inconsistent with efforts to delay the proceedings and thus was "entitled to little, if any, weight").

Finally, defendant's argument regarding the fourth factor -- prejudice -- is fatally conclusory (see Def.'s Mot. at 11-12). *See Lopesierra-Gutierrez*, 708 F.3d at 203 (rejecting constitutional speedy-trial claim where defendant offered "no reason to believe that the delay actually prejudiced his defense.").

Defendant relies on *Doggett*, 505 U.S. 647, in arguing that she need not establish any specific prejudice in this case, and that prejudice may be presumed from pretrial delay alone (Def.'s Mot. at 12). *Doggett*, however, is readily distinguishable from defendant's case. Unlike in this case, the delay in *Doggett* (of nearly eight-and-a-half years) was attributable to the government's "inexcusable oversights," which delayed it from locating and arresting *Doggett* after he had been indicted. *Doggett*, 505 U.S. at 657-58. The Court noted that "if the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail ... as a matter of course however great the delay, so long as Doggett could not show specific prejudice to his defense." *Id*. at 656 (emphasis added). *See also id*. at 656 ("[P]resumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria"); *Tchibassa*, 452 F.3d at 926 (rejecting reliance on the "'presumptive' prejudice that results from the mere passage of time" rather than any "specific, articulable prejudice"). Here, unlike in *Doggett*, the delay was not solely attributable to the government, and defendant failed to articulate any actual prejudice to her defense. Thus, this case is much more like *Lopesierra-Gutierrez*, 708 F.3d at 203, than *Doggett*.

17

Accordingly, a balancing of the *Barker* factors shows that defendant's Sixth Amendment right to a speedy trial was not violated.[7]

## IV.   DEFENDANT'S DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED.

For essentially the fifth time now, the defendant contends that she should be released pending trial.  According to the defendant, the length of time she has been detained (since February 21, 2014) warrants her release on due process grounds.  The defendant's arguments neglect to mention that she has presented these arguments to the Court at least three prior times, and that her arguments were recently rejected by the Court of Appeals.  Nor does the defendant alert the Court to any changed circumstances that warrant the Court reconsidering her request for release.  Therefore, the defendant's arguments should, yet again, be rejected.

"The Bail Reform Act requires release of a defendant prior to trial unless a judicial officer determines, after a hearing, that 'no condition or combination of conditions will reasonably assure the appearance of the person.'"  *Bikundi I*, 47 F. Supp. 3d at 133 (quoting 18 U.S.C. § 3142(e)).  In determining whether there are any conditions of release that will reasonably assure the presence of the person as required, the Court is required to consider the factors set out in 18 U.S.C. § 3142(g).  These factors require courts to take into account the available information concerning:

> (1) the nature and circumstances of the offense charged;
> (2) the weight of evidence against the person;
> (3) the history and characteristics of the person; and
> (4) the nature and seriousness of the danger to any person
> or the community that would be posed by the person's
> release.

18 U.S.C. § 3142(g).

---

[7] Although Michael D. Bikundi, Sr. joined this motion to dismiss the Superseding Indictment on Speed Trial grounds, he is not detained, and he still has pending motions that are unresolved, and excludable under STA grounds.  Therefore, he does not even come close to having a colorable claim of STA or Sixth Amendment Speedy Trial Act or Due Process violations.

None of the factors required to be considered by 18 U.S.C. section 3142(g) mandate the defendant's release in this case.  First, and foremost, the defendant fails to point to any change in circumstance that would warrant the Court re-considering her request for pretrial detention. *Bikundi II*, 2014 WL 5841381, at \*7 ("The defendant has presented no new evidence of any changed circumstances, aside from the passage of time, that would warrant revisiting this Court's prior ruling.") (citation omitted).  The Court's analysis of the 18 U.S.C. § 3142(g) factors has been discussed at great length by this Court in two separate memorandum opinions, and the government will not waste additional resources rearguing those justifications.[8]

Nor do the additional factors cited by the defendant establish any due process violation. According to the defendant, the Court, in assessing whether pretrial detention violates the due process rights of the defendant, must also consider "(5) the strength of evidence that the accused poses a risk of flight; (6) the length of detention that has occurred; (7) the length of detention that may (non-speculatively) yet occur; (8) the complexity of the case; and (9) whether the strategy of one side or the other has occasioned delay."  Def.'s Mot. at 18.[9]  Consideration of these factors in this case does not require the defendant's release.

First, there is substantial evidence that this defendant is a flight risk.  As this Court observed previously, "overseas ties such as those proffered by the government, combined with a defendant's lack of legal status in this county, militate strongly in favor of detention on grounds

---

[8] It is worth observing that the defendant claims that the government's case against her is "weak," Def.'s Mot. at 20, which is why, according to the defendant, the government is still investigating the case 16 months after her arrest. However, what is noteworthy is that of the originally charged nine defendants, four have pled guilty and are expected to testify at trial against the defendant.  Clearly, this changed circumstance has in fact strengthened, not weakened, the government's case and has required further investigation as some of the former co-defendants have provided additional information that supports the government's charges in this case.

[9] Defendant does not cite any authority for the proposition that these additional factors are to be considered; however, these factors are discussed in case law considering due process violations in the context of pretrial detention.  *See, e.g., United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012); *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989).

that the defendant presents a flight risk." *Bikundi II*, 2014 WL 5841381, at \*7.[10]

Second, although the defendant has been detained for sixteen months, the length of detention, standing alone is not dispositive. *Briggs*, 697 F.3d at 103 ("We have often affirmed that the Constitution imposes no bright-line limit on the length of pretrial detention," and concluding, although court was "disturbed" that the defendant had been held for twenty-six months, that the defendant failed to show his detention violated due process).

Third, the defendant now has a trial date of October 13, 2015. Therefore, her detention will only be required to continue less than three months before she may have her day in court.

Fourth, this is a complex case, involving hundreds of thousands of documents, and will require approximately three weeks of trial. This factor does not support defendant's due process claim.

Finally, the government alone is not to blame for delay in this case. While the government did obtain a superseding indictment, since the time of that indictment, the government has done everything possible to advance this case forward. It has been the defendant who has filed numerous, and in the case of the instant argument, repetitive pleadings that have delayed the progress of this case. *See Briggs*, 697 F.3d at 102 (noting that defendant, who had "joined most of the motions" filed by his co-defendants, "bears some of the blame for his trial's delay," a fact that weighs "against finding a due process violation."). Furthermore, it should be observed that the October trial date was one that the defendant's counsel in fact agreed to, as evidenced by the parties' Joint Motion for a Trial Date (ECF No. 111); thus, the government cannot be blamed for the trial date that has been chosen.

---

[10] Defendant cites *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986), for the proposition that "the ability to flee, without more is not sufficient to justify detention." Def.'s Mot. at 20. However there was no indication that *Himler* involved a defendant who was not a legal resident of the United States, and thus, there was not the concern, as exists in this case, that the defendant might flee to his native country.

In sum, the defendant's continued detention until her trial date has not, and will not violate her due process rights. *See, e.g., United States v. Simpkins*, 826 F.2d 94, 97-98 (D.C. Cir. 1987) ("Courts commonly agree that detention based on risk of flight 'is a valid regulatory device' because it 'serves the principles of [our constitutional] system by guaranteeing that the defendant will stand trial and, if convicted, face punishment.'") (citations omitted).

## CONCLUSION

Wherefore, for the reasons set forth above, the government respectfully requests that the Court deny Defendant Florence Bikundi's Motion to Dismiss Indictment and/or Pretrial Release for Violation of Her Statutory and Constitutional Rights to Speedy Trial.   Similarly, the government requests that to the extent that these argument's apply to him, that the Court deny Michael D. Bikundi, Sr.'s Motion to Dismiss Indictment for his Statutory and Constitutional Rights to Speedy Trial.

Respectfully submitted,

VINCENT H. COHEN, JR
ACTING UNITED STATES ATTORNEY

By:        /S/_____
Lionel A. André (D.C. Bar No. 422534)
Anthony D. Saler (D.C. Bar No. 448254)
Michelle Bradford (D.C. Bar No. 491910)
Michael Friedman (N.Y. Bar No. 4297461)
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street, N.W.,
Washington, D.C.  20530
Tel:  202.252.7818 (Andre)
Fax:  202.307.2304

21

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2015, I electronically filed the foregoing Government's Opposition Florence Bikundi's Motion to Dismiss Indictment and/or Pretrial Release for Violation of Her Statutory and Constitutional Rights to Speedy Trial with the Clerk of the Court using the CM/ECF system which will send notification the attorneys for Defendant Florence Bikundi and Michael D. Bikundi, Sr.

_____/s/_____
Lionel Andre

22